The opinion of the court was delivered by
Tilghman, C. J.
This is an action of debt, on a bond, for one thousand three hundred and thirty-three dollars, and thirty-three cents, given by Samuel Light and others, to John Stoever, deceased, being part of the consideration for a tract of land, and mill, purchased by Samuel Light of John Stoever. The defendant pleaded “payment, with leave to give the special matter in evidenced The substance of the matter offered by the defendants in evidence was, that at the time of the purchase of the mill, the dam was, and for a long time before had been, so high as to overflow the land of George Gloninger, whereby his meadow was injured and his water power destroyed.. That this was known to John Stoever, when he sold to Samuel Light, and not disclosed by him in consequence of which, Light made the purchase, supposing that the dam, was at no more than its lawful height — and that if Light is obliged to lower his dam eleven inches and a half, the value of the mill will be greatly reduced. The defendants having heen permitted to give this evidence, offered next, to prove, “ the present value of the mill, with the water flowing to it, when Stoever sold to Light, and what the value is, or would be, if eleven and a half inches were taken from the head, without taking into consideration the rise and fall of property, or any other circumstance, other than the loss of head-water. They offered to prove also, the sum for which the mill would rent now, and what it would have rented for in the year 1811; with the then and present head-water.” But this evidence was objected to by the counsel for the plaintiffs, and rejected by the court. This was the subject of two bills of exceptions, (No. 2, and 3.) I am of opinion, the evidence ought to have been admitted. It answered no purpose, to permit the defendant to show the injury done to Gloninger’s land, by keeping up too great a head of water, unless they were also permitted to show, how much the value of the mill would be diminished, by lowering the head so as not to injure Gloninger.- The reason assigned, for rejecting the evidence was, that when Stoever conveyed to Light, the mill with the appurtenances, nothing passed but the water, which Stoever, might lawfully convey; and therefore Light, was entitled to no more. But this answer is insufficient. Light complains of having been deceived by Stoever. He says, he took for granted, that the dam was at no more than its proper height, whereas Stoe-ver knew the truth, and concealed it from him, and therefore it is against equity, to insist on the payment of the whole of the purchase money. Whether this fact was concealed by Stoever, was for the *433 jury to decide — the equity of the defendants rested entirely upon It. They had not a particle of equity, if there was no concealment. That Stoever knew of the overflowing of Glonihger’s ground was proved; and also that he knew of Gloninger’s refusal to submit to it. There had been disputes between them on that subject. If the defendants made out their ease, they certainly would be entitled to some abatement, and the evidence offered by them, was for the purpose of satisfying the jury, how much it would be reasonable to abate. Without such evidence, I do not see how the jury could have formed any judgment of the matter. But there was another objection, to this evidence, viz. that it went no farther than to prove unliquidated damages, which could not be set-off by the defendants. It is very true that these damages, were not in nature of a debt, which can be set-off. But they were not offered as a set-off. It was an equitable defence, showing that the plaintiff ought not to be permitted to recover the whole purchase money; and if not, then it was necessary to show what would be a reasonable abatement. Such defences have always been admitted in our courts. Having no Court of Chancery, we could not get along without them. To permit the plaintiff to recover the whole purchase money, and leave the defendants to their remedy by an action for fraudulent concealment, would be most unjust. The purchase money and damages arise out of the same transaction, and the proper time for inquiry, was, before the money was taken from the pocket of the defendants. It might be too late afterwards. And certainly the plaintiff has no right to complain, if the whole business is settled at once. What he is not, in good conscience, entitled to receive, he should not be permitted to receive. There was error therefore, in rejecting the evidence contained in the second and third bills of exceptions.
There were two other exceptions of less moment. Perhaps the question asked, and referred to in the first bill of exceptions might have been proposed in more proper terms — but the inaccuracy was hardly worth objecting to. In general, the opinion of a witness on a matter of fact, is not evidence — he should declare his Jenow-ledge of it. When this cause comes to trial again, then it will be best, to propose the question to Mr. Gloninger, in some such terms as the following — “ Was not the overflowing of your land so palpable, as to be plainly seen by any person who lived on the mill-tract, sold by Stoever to Samuel Light?”
The fourth bill of exceptions, is as follows: — “ The defendantshaving asked Frederick Stoever, what he heard John Stoever say, about injuring George Gloninger, and the witness having answered the question, the plaintiff proposed to ask him, what was Glon-inger’s reply.” To this the defendants objected, but the court admitted it. It is diflicult, to decide on the exception, as Glon-inger’s reply, is not placed on the record. It lies on the party excepting, to show the error, and that cannot be done, without show *434 ing what Gloninger said. I cannot say, therefore, that,there was error in permitting the witness to be asked, what was Gloninger’s reply. The charge of the court was excepted to, “ because the judge expressed his opinion, on matters of fact, in a manner not warranted by the evidence.” Whether the judge’s opinion- of the fact, was warranted, or not, by the evidence, is not for us to decide. But it is not pretended, that he took the facts from the decision of the jury. If a judge mistake the evidence, the jury are not bound, to pay regard to him. But at all events, it can be no error in law. Upon the whole then, I am of opinion, that there is error in the second and third bills of exceptions, but in no other part of the record. The judgment is to be reversed, and a venire de novo awarded.
There was another action between these parties, on the same subject, argued this term. As both depend on the same principles, it is unnecessary to deliver more than one opinion. The judgment is to be reversed, and a venire de novo awarded.